[626 NYS2d 567]

In the Matter of BERNARD HANFT, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 15, 1995

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Diana J. Szochet* of counsel), for petitioner.

*Bernard Hanft,* Forest Hills, respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to the practice of law by this Court on October 31, 1951.

The petition contains two charges of professional misconduct against the respondent. The Special Referee sustained both charges. The petitioner moved to confirm the report of the Special Referee while the respondent cross-moved to disaffirm the report in every respect.

Charge One alleged that the respondent engaged in conduct prejudicial to the administration of justice in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]). By decision and order of this Court dated May 11, 1994, the respondent was directed to submit to an examination by a qualified medical expert to determine his fitness to practice law. Pursuant to that order, the petitioner arranged to have the respondent examined by Azariah Eshkenazi, M.D. The respondent failed to schedule an appointment with Dr. Eshkenazi, as he was directed to do.

Charge Two alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), based on the aforesaid conduct.

Upon review of the evidence adduced and the uncontroverted facts, we conclude that the Special Referee properly sustained both charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted and the respondent's cross motion is denied in its entirety.

In determining an appropriate measure of discipline to impose, we have taken into consideration the respondent's

disciplinary history, which includes a Letter of Caution, dated June 26, 1989, which was issued for intemperate and undignified behavior before a tribunal, consisting of his reprehensible and abusive language to the Honorable Lewis R. Friedman. The Letter of Caution was sustained in December 1992 after a protracted appeal. On January 20, 1993, the petitioner issued an Admonition to the respondent for asserting a position in litigation which was frivolous and which served merely to harass or maliciously injure another. The respondent appealed the Admonition and a subcommittee hearing was held. That appeal is being held in abeyance pending the respondent's examination to determine his fitness to continue to practice law. By his own admission, the respondent unilaterally decided that there was no basis to order his examination by a medical expert and declared the Court order directing him to do so to be unworthy of compliance. The respondent's blatant disregard of a direct order of this Court warrants his disbarment.

BRACKEN, J. P., HART, FRIEDMANN, GOLDSTEIN and FLORIO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion is denied in its entirety; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Bernard Hanft, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Bernard Hanft is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.